Robert W. Mauriello, Jr.
Michelle M. Yong
GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
Attorneys for Plaintiffs
Charter Oak Fire Insurance Company,
Gulf Underwriters Insurance Company,
The Phoenix Insurance Company,
and Travelers Property Casualty Company of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARTER OAK FIRE INSURANCE COMPANY, GULF UNDERWRITERS INSURANCE COMPANY, THE PHOENIX INSURANCE COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEN FLAVORS, INC.,<br><br>Defendant. | Civil Action No.<br><br><br>COMPLAINT FOR<br>DECLARATORY JUDGMENT |

Plaintiffs Charter Oak Fire Insurance Company ("Charter Oak"), Gulf Underwriters Insurance Company ("Gulf"), The Phoenix Insurance Company ("Phoenix"), and Travelers Property Casualty Company of America ("Travelers Property") (collectively, "Travelers"), by way of their Complaint for Declaratory Judgment against defendant Allen Flavors, Inc. ("Defendant" or "Allen Flavors") allege as follows:

INTRODUCTION

1. This is an action for declaratory judgment to determine and resolve questions of actual controversy relating to Travelers' rights and obligations under certain policies of insurance issued by Travelers to Defendant. Defendant has sought insurance coverage under the Travelers policies for a judgment by default (the "Default Judgment") entered against Defendant in an underlying lawsuit alleging bodily injury caused by exposure to Defendant's product.

2. Travelers has filed this declaratory judgment action in order to confirm that it has no obligation to defend or indemnify Defendant for the Default Judgment.

THE PARTIES

3. Charter Oak Fire Insurance Company is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

4. Gulf Underwriters Insurance Company is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

5. The Phoenix Insurance Company is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

6. Travelers Property Casualty Company of America is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford Connecticut.

7. Upon information and belief, Allen Flavors, Inc. is a corporation organized under the laws of the State of New Jersey with its principal place of business in South Plainfield, New Jersey and is licensed to do business and is doing business in the State of New Jersey.

## JURISDICTION AND VENUE

8. The United States District Court for the District of New Jersey has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties to this action are completely diverse and the amount in controversy exceeds $75,000.00 based upon the amount of the Default Judgment.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident of the State of New Jersey.

## RELEVANT FACTS

A. The Travelers Policies

10. Charter Oak issued primary commercial general liability policies to Defendant that were in effect from September 1, 2014 to September 1, 2018 and from September 1, 2020 to September 1, 2023 (the "Charter Oak Policies").

11. Gulf issued primary commercial general liability policies to Defendant that were in effect from August 1, 2002 to August 1, 2004 (the "Gulf Policies").

12. Phoenix issued primary commercial general liability policies to Defendant that were in effect from September 1, 2018 to September 1, 2020 (the "Phoenix Policies").

13. Travelers Property issued excess follow-form and umbrella liability policies to Defendant that were in effect from September 1, 2019 to September 1, 2023 (the "Travelers Excess/Umbrella Policies," together with the Charter Oak Policies, Gulf Policies, and Phoenix Policies (the "Travelers Policies")).

14. The Travelers Policies identify Allen Flavors, Inc. as a named insured.

15. Defendant's address listed on each of the Declarations pages of the Travelers Policies is a New Jersey address.

16. The Charter Oak Policies, Gulf Policies, and Phoenix Policies contain the following provision with respect to commercial general liability coverage and the right and duty to defend:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

17. The Travelers Excess/Umbrella Policies contain the following provisions with respect to excess follow-form and umbrella liability coverage:

> Coverage A – Excess Follow-Form Liability
> We will pay on behalf of the insured those sums, in excess of the "applicable underlying limit", that the insured becomes legally obligated to pay as damages to which Coverage A of this insurance applies, provided that the "underlying insurance" would apply to such damages but for the exhaustion of its applicable limits of insurance.
>
> Coverage B – Umbrella Liability
> We will pay on behalf of the insured those sums in excess of the "self-insured retention" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which Coverage B of this insurance applies.

18. The Travelers Excess/Umbrella Policies contain the following provisions with respect to the duty to defend:

> 1. We will have the right and duty to defend the insured:
>    a. Under Coverage A, against a "suit" seeking damages to which such coverage applies, if:
>       (1) The "applicable underlying limit" is the applicable limit of insurance stated for a policy of "underlying insurance" in the Schedule Of Underlying Insurance and such limit has been exhausted solely due to payments as permitted in Paragraphs 4.a.(1), (2) and (3) of Coverage A – Excess Follow-Form Liability of Section I – Coverages; or

    (2) The "applicable underlying limit" is the applicable limit of any "other insurance" and such limit has been exhausted by payments of judgments, settlements or medical expenses, or related costs or expenses (if such costs or expenses reduce such limits).

  b. Under Coverage B, against a "suit" seeking damages to which such coverage applies.

 2. We have no duty to defend any insured against any "suit":

  a. Seeking damages to which this insurance does not apply; or
  b. If any other insurer has a duty to defend.

 3. When we have the duty to defend, we may, at our discretion, investigate and settle any claim or "suit" in all other cases, we may, at our discretion, participate in the investigation, defense and settlement of any claim or "suit" for damages to which this insurance may apply.

19. The Charter Oak Policies, Gulf Policies, and Phoenix Policies contain the following condition to coverage, which requires the insured to timely notify the insurer of a claim or "suit":

 b. If a claim is made or "suit" is brought against any insured, you must:

  (1) Immediately record the specifics of the claim or "suit" and the date received; and
  (2) Notify us as soon as practicable.

 You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

 c. You and any other involved insured must:

  (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"[.]

20. The Travelers Excess/Umbrella Policies contain the following condition to coverage regarding the insured's duty to timely notify the insurer of a claim or "suit":

 If a claim is made or "suit" is brought against any insured which may result in a claim under this insurance, you must see to it that we receive written notice of the claim or "suit" as soon as practicable.

21. The Charter Oak Policies, Gulf Policies, and Phoenix Policies contain the following condition to coverage which requires the insured not to assume any obligation or incur any expense without the insurer's consent:

> No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

22. The Travelers Excess/Umbrella Policies contain the following condition to coverage which requires the insured not to assume any obligation or incur any expense without the insurer's consent:

> No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, make any admission or incur any expense, other than for first aid for "bodily injury" covered by this insurance, without our consent.

23. By an "Exclusion – Occupational Disease" endorsement, the Gulf Policy in effect from August 1, 2003 to August 1, 2004 excludes coverage for "liability arising out of claims made or 'suits' brought for 'bodily injury', sickness, disease, disability or shock, including death at anytime resulting from occupational disease." This is an endorsement to the general commercial liability coverage and is not limited to Defendant's employees.

B. The Underlying Lawsuit

24. On May 31, 2022, six plaintiffs commenced the underlying lawsuit, <u>Deanna Mahurin, et al., v. Centrome, Inc., et al.</u>, Case No. 22TE-CC00146, in the Circuit Court of Texas County, 25th Judicial Circuit, State of Missouri (the "Underlying Lawsuit").

25. On or about November 14, 2022, the underlying plaintiffs filed a First Amended Petition in the Underlying Lawsuit, specifically naming Allen Flavors and others as defendants .

26. The plaintiffs alleged in the Underlying Lawsuit that while they were working at a plant in Missouri they were exposed to certain chemicals (that they define as "toxic flavoring") and, as a result of the exposure, they suffered from lung disease and impairment.

27. The plaintiffs further alleged that the toxic flavorings were designed, manufactured, distributed, marketed and/or sold by defendants, including but not limited to Allen Flavors, and that the toxic flavorings were designed, manufactured, distributed, and/or marketed by defendants, including but not limited to Allen Flavors, in the ordinary course of their businesses.

28. The plaintiffs asserted several causes of action in the Underlying Lawsuit against the defendants, including but not limited to negligence and strict product liability for design, manufacturing, and inherent defects, failure to warn, and failure to instruct.

29. Upon information and belief, on December 2, 2022, a process server hired by plaintiffs served Allen Flavors with the summons and petition of the Underlying Lawsuit at its corporate headquarters in South Plainfield, New Jersey.

30. Upon information and belief, Defendant did not respond to the summons or petition in the Underlying Lawsuit after service on December 2, 2022.

31. Defendant did not provide the summons or petition to Travelers "immediately" after service on December 2, 2022.

32. On April 16, 2024, the Circuit Court of Texas County, Missouri, on motion by plaintiffs, entered the Default Judgment against Allen Flavors, separately and in favor of each plaintiff, in an amount totaling $13,000,000, plus post-judgment interest and costs, based upon Allen Flavors' failure to respond to the summons and petition served on them in the Underlying Lawsuit.

33. Upon information and belief, Defendant did not oppose or respond to plaintiffs' motion for the Default Judgment in the Underlying Lawsuit.

34. The Default Judgment was recorded in the State of New Jersey on May 16, 2025, and on May 20, 2025, the New Jersey Administrative Office of the Courts mailed a Notice to Judgment Debtor to Defendant, advising Defendant that a Writ of Execution or other process for enforcement of the Default Judgment may issue from the New Jersey Court (the "Enforcement Proceeding").

35. Upon information and belief, Defendant received notice of the Enforcement Proceeding shortly thereafter.

36. On July 30, 2025, Defendant filed a motion to vacate the Default Judgment in Missouri, on the grounds that service of process of the Underlying Lawsuit on Allen Flavors was not proper.

37. Defendant also sought a stay of the Enforcement Proceeding, pending resolution of the motion to vacate the Default Judgment in Missouri.

38. On September 24, 2025, the Circuit Court of Texas County, Missouri, denied Defendant's motion to vacate the Default Judgment, holding that the December 2, 2022 service of process on Allen Flavors was proper under Missouri law.

39. Defendant provided notice of the Default Judgment and the Underlying Lawsuit to Travelers, on July 15, 2025, over two and a half years after Defendant was served with the Underlying Lawsuit.

40. In letters to Defendant, dated August 4, 2025 and October 25, 2025, Travelers reserved its rights under the Travelers Policies with respect to its obligations regarding the Default Judgment and Underlying Lawsuit, as well as with regard to the Enforcement Proceeding, based in pertinent part upon Travelers': (a) right to deny coverage because the damages alleged in the Underlying Lawsuit are not covered, (b) right and duty to defend the

Underlying Lawsuit, (c) right to deny coverage for untimely notice of the Underlying Lawsuit, and (d) right to assert that it has no obligation to pay or reimburse Defendant for any expense incurred without Travelers' consent.

41.     Travelers now seeks a declaration as to its rights and obligations under the Travelers Policies with respect to the Underlying Lawsuit, the Default Judgment, and the subsequent Enforcement Proceeding.

FIRST COUNT
DECLARATORY JUDGMENT

42.     Travelers repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

43.     An actual controversy exists between Travelers and Defendant as to whether Travelers is obligated to defend or indemnify Defendant under the Travelers Policies for the Default Judgment, the Underlying Lawsuit, and the subsequent Enforcement Proceeding.

44.     As a condition to coverage under the Travelers Policies, Defendant agreed to notify Travelers as soon as practicable of any claim or "suit" and to immediately provide Travelers with copies of any summonses and/or legal papers in connection with a claim or "suit" brought against Defendant.

45.     In the Default Judgment, the Circuit Court of Texas County found that Defendant was properly served with the Underlying Lawsuit on December 2, 2022; thus, the Defendant's notification to Travelers of the Underlying Lawsuit over two and a half years later, on July 15, 2025, did not satisfy Defendant's obligations under the Travelers Policies to notify Travelers as soon as practicable of any claim or "suit" and to immediately provide Travelers with copies of any summonses and/or legal papers in connection with a claim or "suit" brought against Defendant.

46. Because the Default Judgment had already been entered against Defendant before Defendant provided notice to Travelers, Defendant's untimely notice of the Underlying Lawsuit violated the notice provisions of the Travelers Policies and appreciably prejudiced Travelers.

47. Because Travelers irretrievably lost its rights to control the defense and to participate in the investigation, defense, and resolution of the claims, Travelers is not obligated to defend or indemnify Defendant for any costs, expense, or damages resulting from the Underlying Lawsuit, including in the Enforcement Proceeding.

48. Additionally, the Gulf Policy in effect from 2003 to 2004 does not provide coverage for at least part of the damages awarded in the Default Judgment, because under the Exclusion – Occupational Diseases endorsement, there is no coverage for bodily injury arising out of occupational disease.

49. Because the plaintiffs in the Underlying Lawsuit seek damages solely for lung disease and other related illnesses that developed from exposure to toxic flavorings in their workplace, those claims allege bodily injury arising out of occupational disease, and coverage is specifically excluded under the Exclusion – Occupational Disease endorsement.

50. Accordingly, Travelers seeks a declaration that it has no obligation under the Travelers Policies to defend or indemnify Defendant with respect to the Underlying Lawsuit and Default Judgment.

WHEREFORE, plaintiffs Charter Oak Fire Insurance Company, Gulf Underwriters Insurance Company, The Phoenix Insurance Company, and Travelers Property Casualty Company of America respectfully request that:

    (a)    the Court issue a declaration determining that Travelers has no duty, now or in the future, to defend Defendant in connection with the Underlying

        Lawsuit, the Default Judgment, and the subsequent Enforcement Proceeding;

(b)    the Court issue a declaration determining that Travelers has no duty, now or in the future, to indemnify Defendant in connection with the Underlying Lawsuit, the Default Judgment, and the subsequent Enforcement Proceeding;

(c)    should this Court determine that Travelers has any obligations to the Defendant with respect to any of the plaintiffs in the Underlying Lawsuit (which Travelers disputes), that this Court adjudge, determine and declare that any such obligations shall be allocated appropriately in accordance with New Jersey law;

(d)    this Court award Travelers attorneys' fees, costs of suit and any such further relief that this Court deems just and proper.

Dated: January 8, 2026

                              */s/ Robert W. Mauriello, Jr.*
                              Robert W. Mauriello, Jr.
                              Michelle M. Yong
                              GIMIGLIANO MAURIELLO & MALONEY
                              A Professional Association
                              163 Madison Avenue, Suite 500
                              P.O. Box 1449
                              Morristown, New Jersey 07962-1449
                              (973) 946-8360

                              Attorneys for Plaintiffs
                              Charter Oak Fire Insurance Company,
                              Gulf Underwriters Insurance Company,
                              The Phoenix Insurance Company,
                              and Travelers Property Casualty Company of America

CERTIFICATION PURSUANT TO L. CIV. R. 11.2

  I certify that, to the best of my knowledge, the matter in controversy in this action is not the subject of any other related action pending in any court or of any pending arbitration or administrative proceeding.

Dated: January 8, 2026

            */s/ Robert W. Mauriello, Jr.*
            Robert W. Mauriello, Jr.
            Michelle M. Yong
            GIMIGLIANO MAURIELLO & MALONEY
            A Professional Association
            163 Madison Avenue, Suite 500
            P.O. Box 1449
            Morristown, New Jersey 07962-1449
            (973) 946-8360

            Attorneys for Plaintiffs
            Charter Oak Fire Insurance Company,
            Gulf Underwriters Insurance Company,
            The Phoenix Insurance Company,
            and Travelers Property Casualty Company of
            America